# CITIZENS' LIFE INS. CO. v. OWEN.

No. 3009.    Opinion Filed March 3, 1914.

(139 Pac. 516.)

**CORPORATIONS** — Foreign Corporations — "Carrying on Business" — Contracts — Compliance With Statutory Requirements — Former Opinion Followed. The first section of the syllabus in **Cooper v. Ft. Smith & W. R. Co.**, 23 Okla. 139, 99 Pac. 785, is made the syllabus of this case.

(Syllabus by the Court.)

*Error from County Court, Lincoln County;*
*Fred A. Wagoner, Judge.*

Action by the Citizens' Life Insurance Company against M. D. Owen. From a judgment for defendant, plaintiff brings error. Reversed.

*W. L. Johnson,* for plaintiff in error.

*M. D. Owen* and *H. W. Harris,* for defendant in error.

TURNER, J.   From a judgment of a justice of the peace, rendered and entered in a suit on two promissory notes, dated July 23, 1907, payable to one Mason, and by him endorsed to plaintiff, for $80 and $100, respectively, defendant, M. D. Owen, appealed to the county court. There judgment was rendered in favor of defendant, to reverse which plaintiff brings the case here. For answer defendant pleaded that plaintiff was a foreign corporation and had not complied with the law in the matter of filing a copy of its charter with the Secretary of State, etc., to which plaintiff replied with a general denial, after its demurrer thereto had been overruled. Both sides then moved for judgment on the pleadings, whereupon the court overruled plaintiff's motion and sustained that of defendant and rendered and entered judgment accordingly, to reverse which this proceeding in error was commenced. For the reason that his answer was unverified, it was insufficient to put in issue the execution of the

notes and endorsements thereon or the corporate existence of the plaintiff (Rev. Laws 1910, sec. 4759), thus leaving alone as a defense·thereto that plaintiff, as a foreign corporation, had failed to comply with the law of this state in the matter of filing a copy of its charter, etc. The demurrer should not only have been sustained to said answer, but the court erred in rendering judgment on the pleadings. If it were true that plaintiff was a foreign corporation, and had not so complied, this fact could not be urged in this case as a defense to the action. Such fact can · only be taken advantage of in a direct proceeding by the state. *Cooper v. Ft. Smith & W. R. Co.*, 23 Okla. 139, 99 Pac. 785. Comp. Laws 1909, sec. 1335 (Rev. Laws 1910, sec. 1355), not being retroactive, has no bearing on this case. The cause is reversed.

All the Justices concur.